UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| INTERNATIONAL LONGSHORE & WAREHOUSE UNION-PACIFIC MARITIME ASSOCIATION WELFARE PLAN BOARD OF TRUSTEES and INTERNATIONAL LONGSHORE & WAREHOUSE UNION-PACIFIC MARITIME ASSOCIATION WELFARE PLAN,<br><br>Plaintiffs,<br><br>vs.<br><br>SHARP SURGERY CENTER, INC., a California corporation, THE S.H.A.R.P. TREATMENT CENTER OF THE SOUTH BAY, INC., a California corporation, MAC MD, INC., corporate entity unknown, SONNY RUBIN, M.D., an individual, DAVID SHAWA, M.D., an individual, TIM RILEY C.R.N.A., an individual, THIEN TRAN, C.R.N.A., an individual, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No:  C 11-1217 SBA<br><br>**ORDER GRANTING MOTIONS TO TRANSFER**<br><br>**Dockets 10, 12** |

On March 11, 2011, Plaintiffs filed the instant action against Defendants seeking restitution and declaratory relief under section 502(a)(3) of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(3).  Dkt. 1 at 1.  Plaintiffs allege Defendants provided medical services that were not covered by the ERISA employee welfare plan, and seek reimbursements for overpayment of services.  Dkt. 1 at 1-8.

Prior to the time that the instant suit was filed, on July 2, 2010, certain Defendants had filed a suit against Plaintiffs to recover payments for the provision of the medical services that are disputed here.  Dkt. 12 at 4.  This prior suit was filed in California Superior Court, Los Angeles, which Plaintiffs removed to the United States District Court, Central District of California.  See Sharp Surgery Center v. SHPS, Inc., No. C 10-5888

1  JHN.  On February 15, 2011, the Central District issued an order remanding the action on
2  the ground that ERISA did not apply to the action.  Id.; Sharp Surgery Center v. SHPS,
3  Inc., No. C 10-5888, 2011 WL 686121 (C.D. Cal. Feb. 10, 2011) (Nguyen, J.).
4        Defendants maintain that before they "could proceed against Plaintiffs [in their prior
5  suit], Plaintiffs filed the instant action."  Id.   Consequently, Defendants brought two
6  motions to transfer venue to the Central District, pursuant to 28 U.S.C. § 1404(a).  Dkt. 10,
7  12.  On July 5, 2011, Plaintiffs filed a statement of non-opposition to Defendants' motions
8  to transfer.  Dkt. 24.  In the statement, Plaintiffs were careful to state that its non-opposition
9  "in no way concedes that any statements or arguments made by Defendants in their motions
10 to transfer are true or correct."  Id. at 2.  Nevertheless, Plaintiffs confirm they do not oppose
11 transfer to the Central District.  Accordingly, in light of the fact that a prior suit involving
12 the same dispute between many of the same parties was filed first in the Central District
13 and that Plaintiffs do not oppose transferring venue to the Central District,
14     IT IS HEREBY ORDERED THAT Defendants' motions to transfer venue to the
15 Central District of California are GRANTED.  This Order terminates Dockets 10, 12.
16     IT IS SO ORDERED.

18 Dated: July 11, 2011

                                                  _____
19                                             SAUNDRA BROWN ARMSTRONG
                                            United States District Judge